Filed 2/8/16

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C078492 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF140901, CRF140664) |
| v. | |
| CHRISTOPHER DAVID TRIPLETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sutter County, Susan E. Green, Judge. Reversed with directions.

Anne V. Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Ward A. Campbell, Deputy Attorney General, for Plaintiff and Respondent.

_____

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II.

1

Defendant Christopher David Triplett appeals from partial denial of his petition to recall his sentence and reduce certain felonies to misdemeanors pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (the Act). He contends his two convictions for second degree burglary should be reduced to misdemeanors and the trial court erred in relying on facts outside the record and misunderstood the law. He further contends, for the first time on appeal, that two of his one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b))[1] should be stricken.

In the published portion of this opinion, we conclude that in determining a defendant's eligibility for resentencing under the Act, the trial court may consider, in addition to the record of conviction, any facts the parties clearly agree to, as long as such facts only augment, and do not contradict or otherwise detract from, the record of conviction. Here, considering the additional facts agreed to by the parties, we find defendant has established eligibility for resentencing as to one of his two second degree burglary convictions. This requires us to reverse the trial court's order declining to find eligibility as to this prior conviction, and remand for additional proceedings.

We decline to strike defendant's prior prison term enhancements, however, because the Act does not apply retroactively.

## BACKGROUND

*Defendant's 2014 Convictions*

On June 4, 2014, two informations charging defendant were filed in Sutter County Superior Court. The information in case No. CRF-14-0664 (No. 0664), relating to events of February 27, 2014, charged defendant with second degree burglary (§ 459), identity theft (§ 530.5), passing a fictitious check (§ 476), and forgery (§ 470, subd. (d)), all with

---

[1] Further undesignated statutory references are to the Penal Code.

an on-bail enhancement (§ 12022.1).  It further alleged that defendant had eight prior prison terms.  (§ 667.5, subd. (b).)

The information in case No. CFR-14-0901 (No. 0901) related to events on February 16, 2014, and February 19, 2014.  It charged defendant with two counts of second degree burglary (§ 459), two counts of passing a fictitious check (§ 476), and two counts of forgery (§ 470, subd. (d)), all with an on-bail enhancement (§ 12022.1).  It was alleged that defendant had eight prior prison terms.  (§ 667.5, subd. (b).)

The parties negotiated a resolution and defendant executed plea agreements in both cases.  (CT 24-45)  In case No. 0664, defendant agreed to plead to one count of second degree burglary and admit four prior prison terms.[2]  The factual basis for the burglary was stated as:  "In Sutter County, California, on 2/27/2014[,] the defendant entered Wells Fargo on Stabler Lane in Yuba City with the intent to commit a theft [therein] with a fraudulent check."  In case No. 0901, defendant agreed to plead to one count of second degree burglary (§ 459) and one count of passing an altered or fictitious check (§ 476).  The factual basis for the plea was:  "In Sutter County, California, on 02/26/2014[,] the defendant did enter SR Food and Liquor with the intent to commit a

---

[2] As both parties note, there are disparities between the prison terms defendant admitted in the plea form and those he admitted orally at the plea proceeding.  In the plea agreement for case No. 0664, defendant admitted four prior prison terms: a 1997 conviction of Health & Safety Code section 11378; a 2001 conviction of Health & Safety Code section 11383, subdivision (c)(1); a 2004 conviction of Penal Code section 475, subdivision (c); and a 2009 conviction of Health & Safety Code section 11377, subdivision (a).  At the plea proceeding, defendant admitted the first two, but not the second two.  Instead, he admitted a 2002 conviction for Health & Safety Code section 11377, subdivision (a) and a 2013 conviction for the same crime.  The court sentenced defendant on the prior prison term enhancements in accordance with the plea agreement.  Neither party challenges this disparity.  We urge the court and parties to pay closer attention to detail in these proceedings involving multiple prior convictions.  Mistakes such as these can be critical, although we do not consider their effect unless asked to do so.

3

theft therein and while inside SR Food and Liquor the defendant did cash a fraudulent check from Butte [C]ommunity [Bank]."**3**

The court sentenced defendant to a split term of eight years four months, four years to be served in custody and four years four months on mandatory supervision.

*Petition to Recall Sentence*

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. The Act "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) It created a new crime of shoplifting, "defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Shoplifting is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions. (*Ibid*.) The Act also provided a procedure under section 1170.18, subdivision (a) for a defendant serving a sentence for a felony that would be a misdemeanor under the Act to petition the court for recall of sentence.

After the passage of the Act, defendant wrote the trial court (in propria persona) requesting that his cases be brought back to court to apply Proposition 47 for reduction of his sentence. In response, the court set a hearing and appointed counsel for defendant. The People took the position that neither of defendant's two burglary convictions qualified for resentencing under the Act.

---

**3** The date alleged in count 1 for the burglary is February 16, 2014, and the date alleged in count 5 for the fictitious check charge is February 19, 2014. Neither count references the February 26, 2014 date. This date appears to be one of multiple typos contained in the plea agreement.

At the hearing, the court stated it would first hear from the People because they had filed an objection. The prosecutor began: "In case 0664 the charge is a 459 second; however, we believe that it is not entitled to resentencing because the entry was into Wells Fargo Bank and the defendant attempted to cash a check belonging to another person which would be an identity theft and, therefore, it would be entering the bank with the intent to commit a felony, identity theft." After clarifying that the check was written off someone else's account, the prosecutor continued: "In case 0901, it would be the same argument as to the 459 second and the defendant entered SR Food and Liquor and attempted to cash two checks belonging to another person which again would be the identity theft issue; however, he would be entitled to resentencing on the 476 [fictitious check count] because the amounts were less than $950."

The court then asked defense counsel: "Mr. Van den Heuval, with respect to the first case [case No. 0664] there is the factual basis that he was entering Wells Fargo Bank with the intent to pass a check. The second case [case 0901] do you accept the representation of [the prosecutor] as to the facts?" Counsel answered "yes" and the court clarified counsel agreed that defendant entered to pass a bad check. But counsel argued defendant pleaded in both cases to entering with the intent to commit larceny, not identity theft. Counsel further argued that all three of defendant's crimes were in amounts under $950, so all three counts of conviction--the two burglaries as well as the fictitious check charge--should be reduced to misdemeanors.

The trial court opined that the Act did not apply to the second degree burglary convictions because defendant's behavior was not "what was envisioned by the proposition or the voters when they voted for" Proposition 47. But because the People had agreed the Act applied to reduce the fictitious check conviction to a misdemeanor, the court reduced it. The court resentenced defendant to a total term on both cases of seven years eight months. The sentence was split; defendant would serve four years in

5

custody and three years eight months on mandatory supervision pursuant to section 1170, subdivision (h).

Defendant petitioned for a writ of habeas corpus, alleging "failure to follow Prop. 47 re-sentencing." His petition was denied.

## DISCUSSION

### I

### *Reducing Second Degree Burglary to Misdemeanor*

Defendant contends the trial court erred in considering facts outside the record of conviction to support its conclusion that defendant undertook both burglaries with the intent to commit *identity* theft. The record, specifically the factual bases set forth in the plea agreements, states defendant entered Wells Fargo Bank and SR Food and Liquor only with the intent to commit theft. The prosecutor had proffered that the intent was to commit identity theft, but defendant had objected to the court's considering this disputed fact. Defendant adds that the trial court's finding--limiting shoplifting--reflected a misunderstanding and consequent misapplication of the law.

A. *Prima Facie Case*

The People respond first that the trial court could have denied defendant's petition at the outset because it failed to set forth a prima facie case for relief. Defendant, as petitioner, has the initial burden of proof to establish the facts upon which his eligibility is based. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.)

The People, however, fail to set forth what constitutes a prima facie case or how the petition was defective. "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) We decline to do so here.

This proceeding for recall and resentencing was triggered by defendant's letter to the court. The court set a hearing and appointed counsel for defendant, and the People

6

filed responses. Neither the court nor the People addressed the sufficiency of the letter as a petition under section 1170.18, subdivision (a), or required the defense to make a proper prima facie showing for eligibility under the Act at the hearing. Instead, the focus of the hearing was whether the three prior convictions qualified for reduction to misdemeanors.[4]

B. *Agreed-Upon Facts*

Next, the People argue that the court was entitled to rely on the prosecutor's representations regarding the record at the hearing, and the representations were "responsible and reliable." To the extent that these representations were outside the record of conviction, we must decide whether they were properly considered by the court.

The factual basis set forth in each of defendant's plea agreements indicates defendant's intent in each burglary was to commit theft. Defendant argues these convictions would therefore qualify as misdemeanor shoplifting.[5]

---

[4] The People add defendant was not entitled to reduction of his sentence because that sentence was the result of a plea bargain. They recognize that subdivision (a) of section 1170.18 provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence . . . ." (Italics added.) Nonetheless, they argue defendant would not have been convicted of a misdemeanor in 2014 if the Act had been in effect because the prosecutor would not have agreed to such a plea bargain. This argument fails. The Act does not speak to whether defendant "would not have been convicted of a misdemeanor," but whether he "would have been *guilty* of a misdemeanor" under the Act. (§ 1170.18, subd. (a), italics added.) A defendant "is entitled to petition for modification of his sentence, notwithstanding the fact his conviction was obtained by a plea agreement." (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 653.)

[5] As we discuss, neither party adequately addresses the requirement in section 459.5, subdivision (a) that the value of the property taken or intended to be taken not exceed $950.

7

At the hearing, the People represented that in each case defendant entered a commercial establishment to pass a bad check.  The People proffered additional facts-- that the burglaries were committed with the intent to use checks belonging to someone else and that the amounts at issue in case No. 0901 were below $950.  The defense expressly accepted those representations as to case No. 0901.  Thus, the parties agreed to the facts presented by the People in that case.[6]  The defense later claimed in *both* cases the amounts at issue were under $950.  The prosecutor was not asked to respond to that later representation and did not.

Defendant contends on appeal that the trial court could not consider these additional facts.  He asserts that in determining whether a conviction is eligible for reduction to a misdemeanor under the Act, the court is limited to the record of conviction.  He ignores the fact that the trial court's consideration of additional facts outside the record concerning the amounts under $950 enabled him to achieve eligibility for reduction of the fictitious check count.  He also fails to address the fact that a corresponding value determination is critical to his argument on appeal that his two burglary convictions are eligible for reduction.

The Act provides that "[u]pon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18, subd. (b).)  The criteria in subdivision (a) are whether a defendant is "currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this

---

[6]  Because defendant admitted the facts by agreeing with the prosecutor's representation, we need not address his argument that his rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] were violated.  Further, because we find the agreement aided defendant, we need not address his claim of ineffective assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217-218 [successful claim of ineffective assistance of counsel requires showing of prejudice].)

8

section ('this act') had this act been in effect at the time of the offense . . . ." In *People v. Bradford* (2014) 227 Cal.App.4th 1322, this court construed almost identical language in the Three Strikes Reform Act of 2012. There, the statutory language provides that " '[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).' (§ 1170.126, subd. (f).)" (*Bradford*, at p. 1337.) We "conclude[d] that the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction." (*Id.* at p. 1327.) We explained: "Had the drafters of Proposition 36 intended the trial court to consider newly offered 'evidence' at the eligibility stage, they would have included express language of the type they did to describe the nature of the court's later, discretionary sentencing determination. [Citation.] Further, . . . , consideration that is limited to the record of conviction promotes the efficient administration of justice while preventing relitigation of the circumstances of a crime committed years ago, which could potentially implicate other constitutional concerns. [Citation.]" (*Id.* at p. 1339.)

Although we agree with *Bradford,* its holding does not control this case. First, *Bradford* did not address the situation where the parties agree to additional facts. Cases are not authority for propositions not considered therein. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1278.) Second, the reasons given in *Bradford* for limiting review to the record of conviction do not apply to agreed-upon facts, which require neither much time nor relitigation of events in the past. Further, in reaching its conclusion that the eligibility determination is limited to the record of conviction, *Bradford* found the determination of eligibility was akin to establishing the nature of a prior conviction for an enhancement. (*People v. Bradford, supra,* 227 Cal.App.4th at pp. 1336-1338.) We note that a defendant may stipulate to an element of an enhancement. (See *People v. Adams* (1993) 6 Cal.4th 570 [defendant's stipulation that he was on bail when alleged offenses were committed was stipulation to evidentiary facts that did not

trigger *Boykin-Tahl* requirements to impose sentencing enhancement].) Finally, section 18 of the Act provides: "This act shall be liberally construed to effectuate its purpose."

Given these considerations, we conclude that in determining eligibility for sentence modification under the Act, a trial court is not limited to the record of conviction, but may also consider any factual stipulations or clear agreements by the parties that add to, but do not contradict, the record of conviction.

C. *Identity Theft and Larceny*

The People assert that in defendant's cases, the agreed-upon facts show that defendant entered the businesses to cash checks belonging to another person, which is identity theft. They argue the second degree burglaries did not qualify for reduction because they were based on the felony identity theft, not larceny. This argument fails. Larceny or theft (§ 490a) is defined very broadly. Section 484, subdivision (a) defines theft to include "knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money." As defendant notes, this definition is broad and encompasses fraudulent presentation of a check belonging to someone else to obtain money. For the same reason, the People's argument that defendant's intent in both burglaries was to commit forgery fails. Defendant admitted in his factual bases the intent to commit theft, and that admitted intent is broad enough to cover his conduct evidenced by the records of both burglary counts.

Recently, another appellate court reached a different conclusion in *People v. Gonzales* (2015) 242 Cal.App.4th 35. In *Gonzales,* the defendant twice entered a bank and cashed a check made out to him for $125 purportedly signed by his grandmother. His grandmother denied she signed the checks or gave the defendant permission to use her checks. The defendant pleaded guilty to felony commercial burglary and subsequently requested reduction to a misdemeanor under the Act. The trial court denied the petition, reasoning the offense did not qualify as shoplifting under section 459.5 because there was no larceny. (*Id*. at pp. 37-38.) In affirming, the appellate court looked

10

to *robbery* cases, in particular *People v. Williams* (2013) 57 Cal.4th 776. (*Gonzales,* at p. 39.) *Williams* discussed the meaning of *common law* larceny, which requires a felonious taking, in the context of robbery, which also requires a felonious taking. (*Williams,* at pp. 786-787.) Common law larceny, unlike other forms of theft, requires both asportation and a taking without the owner's consent. (*Id.* at pp. 787-788.) In *Gonzales,* the court found the defendant did not commit larceny because the taking was consensual. (*Gonzales,* at p. 39.)

We decline to follow the reliance in *Gonzales* on robbery cases when the Penal Code itself provides a definition of larceny which applies to burglaries such as those at issue here.[7] The Act created the new crime of shoplifting which requires an "intent to commit larceny." (§ 459.5, subd. (a).) Since, unlike the *Williams* court, we are not concerned with robbery, a crime requiring a felonious taking, we look not to the common law definition of larceny but to the statutory definition. Section 490a replaced statutory references to "larceny" with "theft." While section 490a has no application to robbery (*People v. Williams, supra,* 57 Cal.4th at p. 789), it does apply to burglary (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31). We find it also applies to shoplifting. As explained *ante,* defendant's act of passing a bad check qualifies as theft under section 484, subdivision (a), and thus as shoplifting under section 459.5.

Thus, defendant's second degree burglary convictions meet the requirement of misdemeanor shoplifting that defendant enter "a commercial establishment with intent to commit larceny." (§ 459.5, subd. (a).) As we have noted *ante*, however, for these burglary convictions to qualify for reduction to shoplifting, the amount taken or intended to be taken cannot exceed a value of $950. (§ 459.5, subd. (a).) The factual

---

[7] The Second District, Division Eight recently declined to follow *Gonzales* for this same reason under similar circumstances. (See *People v. Vargas* (Jan. 19, 2016, B262129) ___ Cal.App.4th ___ [2016 Cal. App. LEXIS 36 at p. *1].)

representation by the People, accepted by defendant, indicated the amounts at issue in case No. 0901 were less than $950. There was no agreement solicited or offered as to the amount at issue in case No. 0664. Defendant's counsel did later state that "[a]ll three of the acts are under $950" and the prosecutor did not dispute that statement. But an uncontested comment is not the same as a clear agreement. We decline to expand the facts outside the record that a court may consider in this context to include mere representations to which no protest was lodged.

Defendant established he met the criteria of section 1170.18, subdivision (a) for reduction of his second degree burglary conviction in case No. 0991 to a misdemeanor under the Act. The trial court erred in denying his petition as to this conviction. We remand the matter for the trial court to consider whether to resentence defendant on this conviction under the remaining provisions of section 1170.18. (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

II

*Striking Defendant's Prior Prison Term Enhancements*

Defendant next contends two of his one-year prior prison term enhancements (§ 667.5, subd. (b)) must now be stricken. He contends the enhancement based on his 2009 conviction for violation of Health and Safety Code section 11377, subdivision (a) must be stricken because the Act converted that offense to a misdemeanor. Once that enhancement is stricken, defendant argues, the enhancement based on his 2004 conviction for forgery (§ 475) must be stricken due to the five-year washout provision of section 667.5, subdivision (b).[8]

---

[8] Section 667.5, subdivision (b) provides in part: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed

12

The defendant made a similar argument in *People v. Diaz* (2015) 238 Cal.App.4th 1323. There, the defendant had a prior prison term enhancement based on a felony conviction for petty theft with a prior. He argued that his petty theft would have been a misdemeanor if the Act had then been in effect, so it could not be the basis of the enhancement. (*Id.* at p. 1328.) The court found the argument premature; the defendant first had to file an application under section 1170.18, subdivision (f) to redesignate his 2009 offense as a misdemeanor. (*Id.* at pp. 1331-1332.)

While this appeal was pending, defendant petitioned the trial court for reduction of his 2009 possession offense to a misdemeanor and the court granted the petition. Defendant requests that this court take judicial notice of the petition and order. The People oppose this request for judicial notice, contending the order is irrelevant to these proceedings.

The People argue the taking of this appeal divested the trial court of jurisdiction and the trial court did not have concurrent jurisdiction to make the order while this appeal was pending. Recently, in *People v. Scarbrough* (2015) 240 Cal.App.4th 916, we held a court could not grant a petition for resentencing under the Act while an appeal of the *same convictions* was pending. This case is distinguishable. Unlike in *Scarbrough* and the other cases on which the People rely, the order reducing defendant's 2009 conviction to a misdemeanor relates to an entirely different case, CFR-09-0847, a case which is final and not on appeal.

---

under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

The order reducing the 2009 conviction to a misdemeanor is relevant to this appeal as it satisfies the requirement set forth in *Diaz* that defendant first petition the trial court for reduction. We grant defendant's request for judicial notice. (Evid. Code, § 452, subd. (c) [permissive judicial notice of official acts of federal and state judicial departments] and (d) [court records].)

The People next contend that defendant has forfeited this contention by failing to raise it in the trial court. "As a general matter, appellate courts will not consider issues raised for the first time on appeal. [Citations.]" (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 781.) But, this forfeiture rule is generally not applied when the alleged error involves a pure question of law that can be resolved on undisputed facts. (§ 1259*; Hale v. Morgan* (1978) 22 Cal.3d 388, 394.) We have discretion to decide a question of law raised for the first time on appeal. (*People v. Brown* (1996) 42 Cal.App.4th 461, 471.)

Therefore, we address defendant's contention that we should strike the two prior prison term enhancements. We conclude that we should not. At this juncture in his case, defendant's prior prison terms remain properly applied to enhance his sentence at the time of his sentencing despite the *subsequent* reduction of the crimes on which they are based from felonies to misdemeanors.

Section 1170.18, subdivision (k) provides in part: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes . . . .*" (Italics added.) In *Rivera*, *supra*, 233 Cal.App.4th at p. 1100 , the court found this emphasized language was not retroactive. The court reasoned that the California Supreme Court has held substantially similar language in section 17, subdivision (b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other circumstances specified in section 17, subdivision (b), " '*it is a misdemeanor for all purposes*' " does not apply retroactively. (*Rivera*, at p. 1100.) Applying the subsequent,

14

postsentencing reduction of defendant's 2009 felony to strike the previously imposed prior prison term enhancement would be a retroactive application.

Nothing in *People v. Flores* (1979) 92 Cal.App.3d 461 requires a different result because *Flores* is distinguishable. In *Flores*, the trial court enhanced defendant's sentence for a prior prison term based on a conviction for possession of marijuana although the Legislature had subsequently reduced that offense to a misdemeanor. Defendant argued he was entitled to the application of *In re Estrada* (1965) 63 Cal.2d 740, which held "where a mitigation in punishment is provided by amendment of a criminal statute, the lighter punishment should be imposed for a crime committed before the effective date of the amendment, if there is no saving clause in the amendment and it becomes effective before defendant's judgment of conviction becomes final." (*Flores,* at p. 470.) In *Estrada*, our high court indicated the key was to determine the legislative intent--"did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional." (*Estrada,* at p. 744.) The *Flores* court found the legislative intent clear. Health and Safety Code section 11361.5 was enacted to authorize the destruction of all records of arrests and convictions for marijuana conviction, and under Health and Safety Code section 11361.7 any record more than two years old was considered not accurate for any purpose. (*Flores,* at p. 471.) "It seems clear that the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions." (*Id.* at p. 472.)

There is no similar express statutory language in the Act indicating a clear intent to prohibit any collateral use of prior convictions for offenses eligible for reduction to misdemeanors. As discussed *ante,* the Act's language that a reduced offense is "a misdemeanor for all purposes" has been interpreted not to apply retroactively. (*Rivera, supra,* 233 Cal.App.4th at p. 1100, citing *People v. Banks* (1959) 53 Cal.2d 370, 381-382.) At the time defendant was resentenced by the trial court after it reduced his forgery

15

conviction to a misdemeanor and declined to reduce his burglary convictions--the proceeding now before us on appeal--defendant's prior prison terms were properly based on prior felony convictions.  There was no error.

## DISPOSITION

The trial court's order concluding defendant's conviction for second degree burglary in case No. CFR-14-0991 is ineligible for resentencing under the Act is reversed and the matter is remanded to the trial court for consideration of whether to resentence defendant under the remaining provisions of section 1170.18.


                                        /s/
                                    Duarte, J.


We concur:


    /s/
Butz, Acting P. J.


    /s/
Hoch, J.

16