Filed 3/10/16 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068235 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD205341) |
| DAVID MICHAEL ROOT, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed on March 1, 2016 is modified as follows:

Page 6, second paragraph, first sentence, the word "only" is inserted between the words "could" and "occur." The sentence should now read: On February 8, 2016, the Third District Court of Appeal addressed the question of whether shoplifting under section 459.5 could only occur where the defendant entered the commercial establishment with the intent to commit common law larceny.

THERE IS NO CHANGE IN JUDGMENT.

BENKE, Acting P. J.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068235 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD205341) |
| DAVID MICHAEL ROOT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge. Reversed and remanded.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal arises from David Michael Root's petition to reduce certain second degree burglary convictions to misdemeanors pursuant to Proposition 47, the Safe

1

Neighborhoods and Schools Act (Pen. Code,[1] § 1170.18). The burglary convictions involve incidents in which Root entered banks, during regular business hours, for the purpose of cashing forged checks in amounts less than $950.

Although the precise issue in dispute has been somewhat of a moving target in the trial court and in the briefing in this court, it now appears the question presented here is whether entry into a bank to commit theft by false pretenses in amounts under $950 qualifies as "shoplifting" under newly enacted section 459.5. We conclude that proper application of statutes and case law compels us to conclude such crimes fit within the shoplifting offense, as now defined, and therefore Root's petition for relief must be granted.

## FACTS AND PROCEDURAL BACKGROUND

In 2008, Root was convicted of multiple theft, forgery and burglary offenses.

In May 2015, Root filed a petition to reduce various theft, forgery and burglary offenses to misdemeanors. The court granted the requests with the exception of seven burglary counts because the court believed the offenses were not "shoplifting." The People had argued that the entries were with the intent to commit theft by false pretenses and thus did not qualify as shoplifting since the intent for such offense is to commit larceny.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

As we have noted the contentions as to the precise issue before the court have been somewhat of a moving target. In the trial court the People argued these burglaries do not amount to shoplifting because they were not committed with the intent to commit larceny. The trial court, however seemed to conclude the offenses did not fit traditional concepts of shoplifting and denied the petition as to them.

In his opening brief, Root argued at length that the bank was a commercial establishment within the meaning of section 459.5.[2] However the People, on appeal concede that the banks were commercial establishments within the meaning of the statute. Instead, the People argue the burglaries were committed with the intent to commit forgery, not larceny, and thus do not qualify as shoplifting.

While we understand the basic argument of the People to be that intent to commit larceny is required for section 459.5, we hasten to point out the information in this case alleges the burglaries were committed with the intent to commit theft. Thus, we will discuss whether, in light of section 490a, the intent requirement for "shoplifting" must be

---

[2]    Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

read to be the intent to commit theft. If so, these burglaries qualify for the requested relief. We will conclude the requested relief should be granted.

## A. Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).) A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a). If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

In interpreting section 459.5, Root urges we look to section 490a for guidance. Section 490a provides, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (§ 490a.)

4

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5. " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.] ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] ' "In determining such intent, we begin with the language of the statute itself." ' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' " ' [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.]' 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100 (*Rivera*).)

### B. Analysis

The People contend Root did not commit shoplifting when he entered the various banks with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it

5

does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; *People v. Parson* (2008) 44 Cal.4th 332, 353-354.) On January 19, 2016, Division Eight of the Second District Court of Appeal found that an intent to commit theft by false pretenses satisfies the section 459.5 requirement of "intent to commit larceny" in *People v. Vargas* (2016) 243 Cal.App.4th 1416. *Vargas* found that "because voters adopted the phrase 'intent to commit larceny' in section 459.5, which mirrors the intent element in the general burglary statute (§ 459), and that phrase includes theft by false pretenses, we believe the voters intended section 459.5 to include theft by false pretenses." (*Id*. at p. 1427.)

On February 8, 2016, the Third District Court of Appeal addressed the question of whether shoplifting under section 459.5 could occur where the defendant entered the commercial establishment with the intent to commit common law larceny. (*People v. Triplett* (2016) ___ Cal.App.4th ___ (2016 Cal. App. LEXIS 92).) The court concluded that entry into a commercial establishment, during regular business hours, with the intent to commit "theft" in an amount less than $950 constitutes shoplifting under the new statute. The court in *Triplett* rejected the People's argument that such crime could only be committed with an intent to commit larceny.

The People, relying principally on an opinion of our court in *People v. Gonzales* (2015) 242 Cal.App.4th 35 argue that only an intent to commit larceny will suffice for

6

shoplifting. The *Gonzales* opinion in turn relied on the common law definition of larceny as explained by the Supreme Court in *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), which case discussed the term "larceny" as it applies to the crime of robbery, not burglary. Since the briefing in this case was completed, the Supreme Court has granted review in *Gonzales* (rev. granted Feb. 17, 2016, S231171). Thus, we will not consider the *Gonzales* case in our analysis of the issue before us.

In *Williams*, our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Williams, supra,* 57 Cal.4th at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id*. at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id*. at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not

7

analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *People v. Nguyen, supra,* 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Id.* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to such limited scope, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), the intent for which has been judicially interpreted to encompass all thefts. As previously noted,

8

" '[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus,

9

an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

We will only comment briefly on the People's argument that this case is about entries into banks with intent to commit forgery. As we have noted, the information charged Root with entry with "intent to commit theft," not forgery. Obviously the charge was based upon the theory that presenting a false document to the bank to obtain money was also theft by false pretenses. Thus, whatever the merits may be of the argument the entry with intent to commit forgery does not fit section 459.5 that is not the case before us. Accordingly, we decline to discuss the argument further on this appeal.

DISPOSITION

The order denying Root's petition to reduce the burglary convictions in counts 5, 8, 11, 14, 17, 20 and 23 is reversed.  The case is remanded to the trial court with directions to grant the requested relief and to resentence accordingly.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

11