Filed 4/13/16  P. v. Heaton CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BLAZE HEATON,<br><br>    Defendant and Appellant. | D068631<br><br><br><br>(Super. Ct. No. SCE341134) |

APPEAL from an order of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Reversed with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

In September 2014, Blaze Heaton entered a guilty plea to one count of commercial burglary (Pen. Code,[1] § 459) and admitted a strike prior (§ 667, subds. (b)-(i)). Pursuant to the plea agreement, Heaton was sentenced to a determinate term of 32 months in prison.

Following the passage of Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), Heaton petitioned the court to redesignate his burglary conviction to the crime of shoplifting as created by Proposition 47 (§ 459.5). The court denied the petition.

Heaton appeals contending the trial court incorrectly interpreted the language of section 459.5[2] as it applies to the facts of this case. Essentially, the trial court concluded shoplifting was the physical taking of merchandise for sale and that the intent required for the offense was the intent to commit common law larceny. Since the entry into the building in this case was to commit theft by false pretenses, the court reasoned the offense did not qualify for redesignation as shoplifting. We disagree with the trial court's

---

[1]    All further statutory references are to the Penal Code.

[2]    Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

analysis and we reject the similar arguments of the People. Accordingly, we will reverse the order denying the petition and remand with directions to grant the requested relief.

STATEMENT OF FACTS

The factual basis for Heaton's guilty plea was that he unlawfully entered a building with intent to commit theft. The transcript of the preliminary hearing, considered by the trial judge, shows that Heaton took another person's check to a Wells Fargo bank, made it out to himself for $700 and deposited $300 into a new account. He took the remaining $400 in cash.

DISCUSSION

The trial court was persuaded that the term "shoplifting" used in the new statute had to be considered in its ordinary meaning. Similarly, the court reasoned that the use of the intent to commit "larceny" in the statute indicated it was the physical theft of property which the statute was designed to address. The court did not attempt to reconcile the language with section 490a nor the case law involving the interpretation of the same intent to commit larceny as used in the burglary statute, section 459.

In support of the trial court's decision, the People argue the voters must have intended shoplifting in a dictionary meaning, notwithstanding the statute's use of language which has been long interpreted to include entry with the intent to commit theft. Heaton's charges and guilty plea were based on the allegation and admission that he entered the bank in this case with the intent to commit theft as required by section 459.

As we will discuss, we are satisfied the plain language of section 459.5 must be read in light of years of statutory interpretation of the same language and in light of the

3

directions in section 490a. Applying those principles to the issues in this case we conclude Heaton is entitled to the requested relief.

## B. Analysis

The People contend Heaton did not commit shoplifting when he entered the bank with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; *People v. Parson* (2008) 44 Cal.4th 332, 353-354.)

On February 8, 2016, the Third District Court of Appeal addressed the question of whether shoplifting under section 459.5 could only occur where the defendant entered the commercial establishment with the intent to commit common law larceny. (*People v. Triplett* (2016) 244 Cal.App.4th 824 (*Triplett*).) The court concluded that entry into a commercial establishment, during regular business hours, with the intent to commit "theft" in an amount less than $950 constitutes shoplifting under the new statute. The court in *Triplett* rejected the People's argument that such crime could only be committed with an intent to commit larceny.

In *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*) our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of

4

robbery. (*Id.* at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id*. at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id*. at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§ 211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *People v. Nguyen, supra,* 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Nguyen, supra,* at p. 31.) The *Nguyen* holding is more

5

on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to such limited scope, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), the intent for which has been judicially interpreted to encompass all thefts. As previously noted, " '[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

Since the briefing was completed in this case, our court filed its opinion in *People v. Root* (2016) 245 Cal.App.4th 353 (*Root*). In that case we addressed basically the same facts as in this case. Root entered several banks for the purpose of committing theft by

6

presenting false checks. In *Root* we concluded that the language of section 459.5, read in light of statute and case law does not restrict shoplifting in the new statute to entries with intent to commit larceny, let alone limiting the offense to taking merchandise displayed for sale. We agreed with the decisions in *People v. Vargas* (2016) 243 Cal.App.4th 1416, 1427 and *Triplett*, *supra,* 244 Cal.App.4th 824.[3]

The respondent's brief notes that *People v. Vargas, supra,* 243 Cal.App.4th 1416 and *Triplett, supra,* 244 Cal.App.4th 824, have been decided but essentially dismisses those opinions as wrongly decided. We assume the People also disagree with our opinion in *Root, supra,* 245 Cal.App.4th 353. However, were are satisfied that all three decisions are correct and continue to follow them. We think they present the correct interpretation of the statute.[4]

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false

---

[3]    The Third District Court of Appeal has filed another opinion expressing the view that section 495.5 can be violated by entry into a commercial establishment with the intent to commit theft, in a form other than common law larceny. (*People v. Valencia* (2016) 245 Cal.App.4th 730.) In *Valencia,* the theft at issue involved the use of counterfeit $50 bills to purchase a $249.74 phone card.

[4]    We are aware the Supreme Court has granted review in *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted March 30, 2016, S232673 and *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted February 17, 2116, S231171.

pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

As a final comment we note the People argue we should not deem the voters to have understood the existing interpretation of the statutory language in the proposition. It is suggested we should look to a dictionary definition of shoplifting and cite us to Wharton's treatise on criminal law (3 Wharton's Criminal Law (15th ed. 2014) § 343) as another possible source of meaning of the term in the proposition. Our response is, there

8

was no dictionary definition offered to the voters, who instead had the language of the statute before them and the legislative analyst's comments regarding the use of commercial burglary to elevate what are essentially petty thefts to wobbler felonies. As to Wharton's treatise on criminal law, one might wonder how many "law trained professionals" have ever read it, let alone the voters at large.

The amount of the loss in this case is without dispute. Heaton wrote a check for $700. Well below the $950 required to support a felony.

DISPOSITION

The order denying Heaton's petition for relief under section 1170.18 is reversed. The matter is remanded to the trial court with directions to grant the requested relief.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

9