Filed 6/6/16  P. v. Sogoian CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SEAN CORY SOGOIAN,<br><br>Defendant and Appellant. | C078326<br><br>(Super. Ct. No. NCR79597) |

Defendant Sean Cory Sogoian appeals from the trial court's denial of his Penal Code section 1170.18[1] petition for resentencing.  He contends that his convictions for second degree burglary (§ 459) were eligible for resentencing.  We agree and shall reverse the trial court's order concluding otherwise.  We remand for additional proceedings on the petition.

---

[1] Further undesignated statutory references are to the Penal Code.

1

## BACKGROUND

We dispense with a recitation of the facts because they are unnecessary to the resolution of this appeal. It suffices to say that on 14 separate occasions between January and March 2009, defendant entered a commercial business during regular business hours and wrote a check on a closed account either for cash or to purchase goods or services. One check was written on each separate occasion; the largest amount of any of the 14 checks was for $237.99. The last bad check, written on March 12, 2009, was not accepted by the business and the police were called.

Defendant pleaded guilty to 14 counts of second degree burglary, among other charges. During his plea, he admitted that for each burglary count he entered a commercial building "with the intent to commit a felony." No other relevant specifics were provided. The trial court sentenced defendant to prison.

Defendant subsequently filed a petition for resentencing pursuant to section 1170.18. As relevant here, the trial court denied the petition as to the 14 counts of conviction for burglary referenced above. The court found that defendant's conduct in committing the burglaries--entering the business with the intent to pass a bad check--did not qualify as shoplifting pursuant to section 459.5. The court also opined that because defendant's 14 counts of conviction for burglary equated, in the aggregate, to a felony conviction for passing bad checks (§ 476a), defendant was ineligible for resentencing in any event.

## DISCUSSION

Defendant contends the trial court erred in finding his burglary convictions ineligible for section 1170.18 resentencing. He argues that because he pleaded guilty to entering the businesses with the "intent to commit larceny and any felony," his conduct falls squarely within the newly created statute titled "shoplifting," section 459.5. The People counter that: "Notwithstanding the strong argument in favor of giving larceny a broad interpretation through application of section 490a, we believe that by limiting the

2

new crime of shoplifting to the intent to commit larceny during regular business hours, it would be reasonable to conclude that the voters had in mind only the traditional and more limited sense of larceny. In that case, entry into a commercial establishment during regular business hours with the intent to commit theft by some other means, such as the intent to commit theft by false pretenses, would not qualify for relief under Proposition 47." The People do not address the trial court's alternate ground for denying defendant's petition.

Defendant has the better argument.

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. The Act "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) It created a new crime of shoplifting, "defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Shoplifting is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions. (*Ibid.*) The Act also provided a procedure under section 1170.18, subdivision (a) for a defendant serving a sentence for a felony that would be a misdemeanor under the Act to petition the court for recall of sentence.

Here, the parties agree that defendant entered the businesses 14 separate times to cash bad checks; that is, checks on a closed account. The trial court denied defendant's petition because it found that presenting bad checks at a business does not constitute traditional shoplifting. However, as we explain, we look to the statutory elements of the crime, not the title of the relevant code section, to determine what conduct falls within the statute at issue. (See *DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 602 [title headings are unofficial and "do not alter the explicit scope, meaning, or intent of a statute"].)

3

Here, because defendant's conduct constitutes larceny, it *does* fall under the shoplifting statute.**2**

The Act created a new crime titled "shoplifting" which requires an "intent to commit larceny." (§ 459.5, subd. (a).) Section 490a replaced statutory references to "larceny" with "theft." Section 490a applies to burglary. (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31.) Larceny or theft (§ 490a) is defined very broadly. Section 484, subdivision (a) defines theft to include "knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money." This definition is broad and encompasses fraudulent presentation of a check drawn on a closed account to obtain money. Although defendant admitted in his factual bases only the intent to commit a felony, his second degree burglary convictions clearly meet the requirement of misdemeanor shoplifting that defendant enter "a commercial establishment with intent to commit larceny." (§ 459.5, subd. (a).)

A defendant is eligible for resentencing if his crime would be a misdemeanor had Proposition 47 been in effect at the time of his criminal activity. (§ 1170.18, subd. (a).) To the extent that the trial court found the burglary counts should be aggregated to deny defendant relief, we disagree. Although section 476a, subdivision (b) provides that "if the *total amount* of all checks, drafts, or orders that the defendant is charged with and

---

**2** This issue is currently before the California Supreme Court. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.) In *Gonzales*, the Court of Appeal took the position of the trial court in this case, holding that the shoplifting statute did not apply to theft by false pretenses. (*Id*. at pp. 358-360.) Every published decision to address this issue since *Gonzales* has taken a contrary position. (See *People v. Root* (2016) 245 Cal.App.4th 353, 358-360, review granted May 11, 2016, S233546 [shoplifting statute applies to theft by false pretenses]; *People v. Triplett* (2016) 244 Cal.App.4th 824, 833-834 review granted Apr. 27, 2016, S233172 [passing bad check qualifies as shoplifting]; *People v. Vargas* (2016) 243 Cal.App.4th 1416, 1427-1428 review granted Mar. 30, 2016, S232673 [shoplifting includes theft by false pretenses].)

4

convicted of making, drawing, or uttering [with insufficient funds] does not exceed nine hundred fifty dollars ($950), the offense is punishable only by imprisonment in the county jail . . . " (§ 476a, subd. (b), italics added), defendant was not charged with passing bad checks under section 476a. He was charged with burglary under section 459.

Charges under section 476a require only the general intent to defraud. The 14 separate counts of burglary each required a separate intent to commit larceny or another felony inside the businesses, and each intended amount was less than $950. We have explained that defendant's actions constituted larceny, and thus are subject to reduction under the shoplifting statute. The fact that defendant may have intended to commit larceny on 14 separate occasions by means of passing bad checks in amounts under $950 (which when combined equal more than $950) is of no moment to our analysis. Because defendant's burglary convictions qualify for resentencing under Proposition 47, we reverse the trial court's order and remand for further proceedings on the petition.

## DISPOSITION

The trial court's order concluding defendant's burglary convictions are ineligible for resentencing under the Act is reversed and the matter is remanded for consideration of whether to resentence defendant under the remaining provisions of section 1170.18.

/s/
Duarte, J.

We concur:


/s/
Robie, Acting P. J.


/s/
Murray, J.

5