Filed 4/20/16  P. v. Guerra CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMIR GUERRA,<br><br>    Defendant and Appellant. | D068200<br><br><br><br>(Super. Ct. No. SCD255777) |

APPEAL from an order of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Reversed with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

In June 2014, Samir Guerra (Guerra) pleaded guilty to two counts of second degree burglary (Pen. Code,[1] § 459), one count of use of personal identification of another (§ 530.5, subd. (a)), and one count of possessing personal identifying information of 10 or more people with the intent to defraud (§ 530.5, subd. (c)(3)). The parties stipulated to a sentence of five years in prison. As part of the plea agreement, the remaining counts and allegations were dismissed.

In July 2014, Guerra was sentenced in accordance with the plea agreement.

In May 2015, Guerra filed a petition under section 1170.18 (The Safe Neighborhoods and Schools Act, Proposition 47) to reduce his burglary convictions to misdemeanor shoplifting (§ 459.5). The People filed a brief in opposition.

Following a hearing the trial court found Guerra was not eligible for the requested relief and denied the petition.

Guerra appeals contending the trial court erred in concluding that section 459.5 requires a defendant who enters a commercial establishment during business hours must have the intent to commit larceny in order to be eligible for the new offense of shoplifting. We are satisfied that the term larceny in section 459.5, as it is interpreted in section 459, must be read to include persons who enter such establishments with the intent to commit theft, whether by larceny or by other recognized forms of theft. Accordingly, we will reverse the order denying Guerra's petition and remand with directions to grant the petition and to resentence accordingly.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

STATEMENT OF FACTS

Since this case arises from a guilty plea, there is no record of testimony regarding the underlying offenses. However, we will use the facts from the probation report, since they were used by the People in their briefing in both the trial court and in this court, only with regard to the two burglary offenses.

On January 4, 2014, Guerra entered a Best Buy store in La Jolla. He used false identification to obtain credit, with which he purchased $802.80 worth of merchandise.

On January 6, 2014, Guerra entered a JC Penny store in Chula Vista. Again he used false identification to establish credit, which he then used to purchase $602.21 worth of merchandise.

DISCUSSION

Counts 1 and 3 of the amended information charged Guerra with burglary, based upon entry into the buildings with the intent to commit theft. In his change of plea form, Guerra stated he entered the two buildings with the intent to "commit a felony (theft)."

At the hearing on the petition to reduce the burglary offenses the court and the parties discussed a range of issues, including burden of proof and scope of proof of eligibility as well as the specific intent required for shoplifting under section 459.5.[2]

---

[2]     Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph

Ultimately, the trial court apparently concluded the only qualifying intent for shoplifting under the statute was the intent to commit larceny.  The court concluded, notwithstanding the plea and the information, that Guerra entered the buildings with intent to commit identity theft and was therefore not eligible to have the two burglary offenses reduced to shoplifting.

As we will discuss, we believe the intent to commit larceny as expressed in section 459.5 must be read with section 490a, in the same fashion as courts have consistently read the same wording in the burglary statute, section 459.  We are satisfied that Guerra is eligible for resentencing as to counts 1 and 3.[3]

### A.  Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing.  (§ 1170.18, subd. (a).)  A person seeking resentencing under section 1170.18 must show he or she fits

---

(2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170.  [¶] (b)  Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

3    The plea in this case occurred before Proposition 47 passed.  Guerra was charged with multiple counts of burglary, some of which, like the entry into the Lowe's store involved alleged losses in excess of $950.  We are also aware this case arises from a stipulated sentence as part of a plea agreement.  However, the only issues before this court deal with whether, on this record, Guerra is eligible for relief under section 1170.18.

4

the criteria in subdivision (a).  If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

In interpreting section 459.5, Guerro urges we look to section 490a for guidance. Section 490a provides, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5.  " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.]  ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.]  In the case of a provision adopted by the voters, 'their intent governs.' [Citation.]  [¶]  ' "In determining such intent, we begin with the language of the statute itself." ' [Citation.]  We look first to the words the voters used, giving them their usual and ordinary meaning.  ' "If there is

5

no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' " ' [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.]' 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100 (*Rivera*).)

## B. Analysis

The People contend Guerra did not commit shoplifting when he entered the various businesses with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; *People v. Parson* (2008) 44 Cal.4th 332, 353-354.)

On February 8, 2016, the Third District Court of Appeal addressed the question of whether shoplifting under section 459.5 could only occur where the defendant entered the commercial establishment with the intent to commit common law larceny. (*People v.*

6

*Triplett* (2016) 244 Cal.App.4th 824.) The court concluded that entry into a commercial establishment, during regular business hours, with the intent to commit "theft" in an amount less than $950 constitutes shoplifting under the new statute. The court in *Triplett* rejected the People's argument that such crime could only be committed with an intent to commit larceny.[4]

In their briefing, the People, relied heavily on an opinion of our court in *People v. Gonzales* (2015) 242 Cal.App.4th 35 to argue that only an intent to commit larceny will suffice for shoplifting. The *Gonzales* opinion in turn relied on the common law definition of larceny as explained by the Supreme Court in *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), which case discussed the term "larceny" as it applies to the crime of robbery, not burglary. Since the briefing in this case was completed, the Supreme Court has granted review in *Gonzales* (rev. granted Feb. 17, 2016, S231171). Thus, we will not consider the *Gonzales* case in our analysis of the issue before us.[5]

In *Williams*, our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Williams, supra,* 57 Cal.4th at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could

___

4      Since the briefing in this case the Third District has issued another opinion agreeing with the position taken in *People v. Triplett, supra,* 244 Cal.App.4th 824. (*People v. Valencia* (2016) 245 Cal.App.4th 730.)

5      The Supreme Court has also granted review in *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted March 30, 2016, S232673.

7

only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id*. at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id*. at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§ 211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *People v. Nguyen, supra,* 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Nguyen, supra,* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to such limited scope, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), the intent for which has been judicially interpreted to encompass all thefts. As previously noted, " '[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false

9

pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

We are aware there was considerable discussion in the trial court regarding the burden of proof and upon which party the burden should be placed. We are also aware that Guerra did not offer any evidence as to the amounts of the losses in counts 1 and 3. However, the People in their briefing in both the trial court and this court have clearly asserted the amounts of the losses. As to each count the People have not disputed the

losses were less than $950 as to each count. Therefore, we see no purpose in remanding for an evidentiary hearing as to the amounts of loss. Having determined that entry into a commercial establishment during regular business hours, with the intent to commit theft qualifies as shoplifting where the amount taken or intended is less than $950, we will remand the case to the trial court to grant the requested relief.

### DISPOSITION

The order denying Guerra's petition for resentencing under section 1170.18 is reversed. The case is remanded to the superior court with directions to grant the requested relief as to counts 1 and 3.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

11