Filed 5/3/16  P. v. Dancy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063812 |
| v. | (Super.Ct.No. RIF1204694) |
| SPERLIN TYRONE DANCY II, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Sperlin Tyrone Dancy II filed a petition for resentencing pursuant to Penal Code section 1170.18, following the enactment of Proposition 47. At the hearing, the prosecution proffered a police report suggesting the value of the property stolen exceeded $950, although that information was not part of the record of conviction. The trial court denied defendant's petition on the ground the value of the property stolen during the commercial burglary exceeded $950 and defendant appealed.

On appeal, defendant argues the trial court erred in considering information outside the record. We agree with that principle, but we conclude defendant has failed to meet his burden of showing the value of the property stolen did not exceed the $950 threshold. We affirm.

## BACKGROUND

On November 6, 2012, defendant entered a Walmart Store with the intent to commit larceny. He was arrested and on December 26, 2012, he was charged by complaint with commercial burglary of Walmart (Pen. Code, § 459, count 1),[1] and petty theft (§ 490.5, count 2), along with allegations he had previously been convicted of three felonies for which he had served prison terms (prison priors), within the meaning of section 667.5, subdivision (b), and one prior serious or violent felony conviction(s) (Strikes), within the meaning of section 667, subdivisions (c) & (e)(1).

On May 15, 2013, a three-count information was filed, alleging second degree burglary (§ 459, count 1), petty theft with a prior theft-related conviction (§§ 484/former

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

666, subd. (b)(1), count 2), and grand theft (§ 487, subd. (a), count 3). It was further alleged that defendant had three prison priors (§ 667.5, subd. (b)), and one prior serious felony conviction within the meaning of the Strikes law (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). On July 11, 2013, the information was amended to allege three prior convictions under the Strikes law. (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(2)(A).

On February 21, 2014, pursuant to a plea agreement, defendant pled guilty to count one, commercial burglary, admitted one prison prior and one Strike prior, for an agreed upon sentence of five years overall. The court sentenced defendant pursuant to the agreement. Although the court ordered victim restitution in an amount to be determined by the probation officer, no victim restitution was actually determined or ordered.

On December 29, 2014, following passage of Proposition 47 and the enactment of section 1170.18, defendant filed a petition for resentencing. In his petition, defendant asserted his belief that the value of the property stolen was less than $950. The People opposed the petition, asserting that the value of the property stolen exceeded $1500. Defendant's reply to the People's opposition argued that the determination of the amount of loss was limited to information in the record of conviction. At the hearing, the parties submitted on their papers. The People argued that the police report stated the value of the

property stolen was $1518.88.[2]  The court found that the value of the property stolen exceeded $950, and denied the petition.  Defendant appeals.

## DISCUSSION

A.      *The Trial Court Erred in Considering Information Outside the Record of Conviction, Absent a Stipulation.*

Proposition 47 created a new sentencing provision in section 1170.18.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)  In pertinent part, subdivision (a) of section 1170.18 provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section [ . . . ] had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  (§ 1170.18, subd. (a); *People v. Rivera, supra,* at p. 1092.)

Proposition 47 added section 459.5, which classifies shoplifting as a misdemeanor "where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a).)  However, "'to qualify for resentencing under the new shoplifting statute, the trial court must determine whether

---

[2]  The police report was not attached to the response or offered into evidence at the hearing.

4

defendant entered "a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours," and whether "the value of the property that [was] taken or intended to be taken" exceeded $950.  (§ 459.5.)'"  (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448, quoting *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

In determining whether the defendant's crimes fall within the spirit of Proposition 47, the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction, unless the parties make any factual stipulations or agreements that add to but do not contradict the record of conviction.  (*People v. Triplett* (2016) 244 Cal.App.4th 824, 831-832, citing *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327 (*Bradford*).)  Although *Bradford* dealt with a petition for resentencing pursuant to section 1170.126, the language of that statute is nearly identical to that under consideration here, requiring the trial court to determine the facts needed to adjudicate eligibility based upon the record of conviction.  (See *People v. Triplett, supra,* at pp. 831-832.)

In *Bradford*, the reviewing court relied on the holding of *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), and *People v. Woodell* (1998) 17 Cal.4th 448, addressing the type of materials that may be considered to prove a prior conviction allegation.  (*Bradford, supra,* 227 Cal.App.4th at pp. 1337-1339.)  It concluded that the statutory language and framework of Proposition 36 contemplated a determination of a

5

petitioner's eligibility for resentencing based on the "record of conviction," pursuant to *Guerrero* and *Woodell*. (*Bradford, supra,* 227 Cal.App.4th at p. 1338.)

Under *Guerrero*, a court may look to the entire record of the conviction, "*but no further*," in determining the nature of a prior conviction. (*Guerrero, supra,* 44 Cal.3d at p. 355, italics original.) The United States Supreme Court is in accord, holding that determination of the nature of a prior conviction is limited to examining the statutory definition, the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. (*Shepard v. United States* (2005) 544 U.S. 13, 16 [125 S. Ct. 1254, 161 L.Ed.2d 205].) A police report could not be considered in making this determination. (*Id.* at p. 16.) A police report is not ordinarily part of the record of conviction. (See, *Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1060, citing *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1523 [relating to proof of drunk driving conviction for purposes of license suspension proceedings].)

These decisions inform our resolution. In the present case, there is nothing in the record of conviction to support a finding as to the value of the property stolen. There is no restitution order from which a value may be inferred. Count two of both the original information and the amended information alleged a violation of section 666, petty theft with a prior. Count three alleged theft of property having a value exceeding $950. Both counts two and three were dismissed as part of the plea bargain, and we cannot tell from

the record of conviction if the two counts pertain to the same or different items taken in the burglary.

The police report was not a part of the record of conviction in this case, so there is nothing to support a finding as to the value of the property stolen in the commercial burglary. Absent an agreement or stipulation that the court could consider information outside the record of conviction, it was improper to consider the police report.

B. *Defendant Failed to Sustain His Burden of Proof as to the Value of the Property Stolen*

Our conclusion that the trial court erroneously relied upon hearsay that was not part of the record of conviction in determining the value of the property stolen does not end our inquiry. Proposition 47 was intended to reduce penalties for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

But a defendant who files a petition under Proposition 47 bears the burden of establishing he or she is eligible for misdemeanor resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878–880 (*Sherow*).) This is premised on a well-settled

7

principle that a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting. (*Id*. at p. 879.)

Thus, in seeking to have his crime of conviction reduced to a misdemeanor, the petitioner has the initial burden of establishing eligibility for resentencing under section 1170.18, subdivision (a), such as whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. (*Sherow, supra,* 239 Cal.App.4th at p. 879.) If the crime under consideration is a theft offense under sections 459.5 or 496, the petitioner has the additional burden of proving the value of the property did not exceed $950. (*Sherow*, at p. 879, italics omitted, quoting Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 11, 2015] p. 40; see also, *People v. Rivas-Colon, supra,* 241 Cal.App.4th at p. 449.)

In *Sherow,* the reviewing court concluded that a "blanket request for resentencing on all counts without any effort to deal with those which might have involved less than $950 or to discuss any facts surrounding the offense was fatally defective." (*Sherow, supra,* 239 Cal.App.4th at p. 877.) Similarly, a defendant does not satisfy the burden where the record of conviction does not establish he was entitled to resentencing. (*People v. Rivas-Colon, supra,* 241 Cal.App.4th at pp. 449-450.)

Here, the defendant's petition alleged his belief that the value of the property taken was less than $950, but at the hearing he pointed to no evidence in the record of

conviction to support that information or belief. Because the record of conviction contains no information whatsoever about the value of the property stolen, the trial court could not infer that defendant was eligible for resentencing. Thus, even if the court had not relied upon the police report in denying the petition, its ruling would have been proper.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

                J.

McKINSTER

                J.