Filed 5/17/16  P. v. Moore CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RYAN DANA MOORE,<br><br>Defendant and Appellant. | B265499<br><br>(Los Angeles County<br>Super. Ct. No. GA084459) |

APPEAL from an order of the Superior Court of Los Angeles County.  Terry Lee Smerling, Judge.  Conditionally reversed and remanded.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Ryan Dana Moore appeals from the trial court's order denying his application to reduce his felony conviction to a misdemeanor under Proposition 47. Appellant pled no contest to committing second degree burglary in a Federal Express (FedEx) store after sending a forged credit card authorization to the Westin Pasadena hotel (Westin) by fax from the store. We conditionally reverse the order for a determination of whether the amounts charged by the Westin hotel on October 3, 2011, to the credit card used by appellant were less than $950.

## BACKGROUND

### Facts[1]

Between September 30, 2011, and October 4, 2011, appellant and a codefendant rented a room at the Westin hotel using the identity and credit cards of different victims to pay for the room and other items and services. After becoming suspicious, a hotel clerk required authorizations for the credit cards being used. (*Ibid*.) Appellant and his codefendant went to a FedEx store next to the hotel and faxed to the hotel multiple authorizations, which appellant forged. (*Ibid*.) Officers arrested them and found 0.22 grams of methamphetamine in appellant's possession. (*Ibid*.)

The preconviction report stated: "Federal Express did not receive any financial loss as a result of this. The defendants entered the Fed-Ex building in order to send a fax that was forged." Wells Fargo Bank suffered financial loss of $2,266.93 on one credit card and $900 on another credit card.

### Felony Complaint

On October 6, 2011, the Los Angeles County District Attorney filed a six-count felony complaint against appellant alleging two counts of second-degree commercial

---

[1] The statement of facts is derived from appellant's preconviction report (Pen. Code, § 1203.7), which summarizes the police report, since appellant pled no contest prior to a preliminary hearing. Appellant stipulated that the factual basis for the plea could be found in the police report. (See *People v. Holmes* (2004) 32 Cal.4th 432, 440 [When both parties stipulate on the record to a document, such as a police report, the factual basis requirement for the plea is met].)

All further statutory references are to the Penal Code unless otherwise indicated.

burglary (§ 459), one count of grand theft (§ 484g, subd. (b)), one count of identity theft (§ 530.5, subd. (a)), one count of forgery (§ 470, subd. (a)), and one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The complaint also alleged that appellant had suffered nine prior prison convictions within the meaning of section 667.5.

**Plea**

On November 8, 2011, appellant pled no contest to one count of second degree burglary (§ 459)[2] and admitted one prison prior. Under an agreed-upon disposition, appellant was sentenced to the high term of three years plus one year for the prison prior, for a total of four years in state prison, with 72 days presentence custody credits. The trial court dismissed the remaining counts and allegations.

**Proposition 47 Application, Hearing and Ruling**

On June 23, 2015, pursuant to Proposition 47, appellant applied to have his felony conviction redesignated as a misdemeanor. He had finished serving his sentence.

At the hearing on July 8, 2015, the following colloquy occurred:

"[DEFENSE COUNSEL]: In this case, the defendant and co-defendant went into the Westin hotel on Los Robles and rented a room using a stolen credit card number. The manner of payment involved a faxed credit card letter of authorization signed by a quote, Pam Martin, as the cardholder. They stayed at the Westin for four days. Each successive day they stayed there was paid for by another letter of authorization signed by the same Pam Martin. The letters of authorization were all faxed to the Westin hotel from a FedEx which was located next door to the Westin Hotel. [¶] Now, counts 2, 3, 4, 5, and 6 all relate to what I've just described, except for FedEx. [¶] Count 2 is the Westin Hotel is the named victim. There's your [$2,000] plus. . . . [¶] . . .

---

[2]     Appellant pled no contest to count 1, which stated: "On or about October 3, 2011, in the County of Los Angeles, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by RYAN DANA MOORE and JESSICA LYNN CLIGNETT, who did enter a commercial building occupied by FEDEX with the intent to commit larceny and any felony."

3

"THE COURT: He only pled to Count 1.

"[DEFENSE COUNSEL]: Yeah. . . . [¶] The complaint, Count 1, is only FedEx. . . . The pre-plea probation report says Federal Express did not receive any financial loss as a result of this activity. [¶] What happened here is, I'm sure, that when they went into the FedEx, they paid for the fax that they sent, and that's why FedEx did not receive any loss. . . . [¶] . . . [¶]

"THE COURT: I don't think anything about [section] 459.5 requires that the named victim as to the burglary needs to be the target of the intended theft. They entered FedEx—[¶] . . . with the intent of defrauding someone else—[¶] . . . Westin of more than $950. [¶] I think based upon that, Mr. Moore's motion is not well taken. [¶] . . . [¶] Please take it up on appeal.

"[DEFENSE COUNSEL]: No, I don't think I will. I kind of agree with the court."

## DISCUSSION

### I. Proposition 47 and Relevant Statutes

Proposition 47, the Safe Neighborhoods and Schools Act, was approved by California voters in November 2014. (§ 1170.18.) It "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Thus, "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

Proposition 47 created a new crime of shoplifting: "Notwithstanding Section 459 [burglary statute[3]], shoplifting is defined as entering a commercial establishment with

---

[3]     Section 459 provides in part: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home, . . . railroad car, locked or sealed cargo

4

intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."  (§ 459.5, subd. (a).)

With respect to the term "larceny," in 1927, the Legislature enacted section 490a, which provides:  "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Section 484, subdivision (a) defines "theft" broadly:  "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, *by any false or fraudulent representation or pretense, defraud any other person of money,* labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."  (Italics added.)

## II.  Analysis

Appellant argues the trial court erred in denying his Proposition 47 application because he pled no contest to count 1, which states that he entered "a commercial [establishment] occupied by FEDEX," and it is undisputed that FedEx suffered no loss.

The People do not specifically address this issue.  Appellant relies on *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), but this reliance is misplaced.  *Sherow* stands for the proposition that a defendant bears the initial burden of demonstrating eligibility for resentencing under Proposition 47.  (*Sherow*, *supra*, at p. 880.)  The case

---

container, whether or not mounted on a vehicle, trailer coach, . . . any house car, . . . inhabited camper, . . . vehicle as defined by the Vehicle Code, when the doors are locked, aircraft . . . , or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary."

does not discuss the situation here, where a defendant enters a commercial establishment with the intent to defraud a different establishment. "'"It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered."'" (*People v. Knoller* (2007) 41 Cal.4th 139, 154–155.) Appellant cites no other relevant authority to support his position that the shoplifting statute does not apply to the circumstances here, where appellant entered the FedEx store with the intent to defraud the Westin hotel.

The People argue "the amount stolen was irrelevant, as the intended crime underlying the burglary, or at least the preeminent intended crime under the circumstances, was identity theft, not larceny" because appellant "was at FedEx clearly to send a fax using someone else's identity."

The People's identity-theft argument was rejected by the third district in *People v. Triplett* (2016) 244 Cal.App.4th 824, 833 (*Triplett*), and we likewise reject it. As the *Triplett* court noted, larceny or theft is defined broadly in section 484, subdivision (a) to include "any false or fraudulent representation or pretense [for the purpose to] defraud any other person of money." This is what happened here. As the police report, which forms the factual basis for the plea, states: "This case involves the suspects fraudulently using the victim's credit card number to pay for accommodations and incidentals at a hotel," and "This case involves suspect Clignett and suspect Moore who fax credit card letter of authorizations to The Westin hotel in Pasadena, using a credit card account number that did not belong to them to pay for a room and room charges."[4]

The People argue that "[e]ven if the intended crime that underlay the commercial burglary offense was larceny, appellant was still not eligible for Proposition 47 relief because he did not demonstrate that the amount taken, or attempted to be taken, was below $950." The People point out that several credit card authorizations were faxed to the Westin hotel from FedEx on two different dates—September 30, 2011, and

---

[4]     We note that after the briefs were filed in this case, review was granted in *People v. Vargas* (2016) 243 Cal.App.4th 1416 and *People v. Gonzales* (2015) 242 Cal.App.4th 35, which also discussed this issue.

6

October 3, 2011.  Each authorization stated that it was covering "All Guest Charges," but the authorizations listed different departure dates, and stated a different number of nights to be charged.  The People argue appellant cannot demonstrate that even a single one of these authorizations resulted in obtaining goods and services less than $950.

The problem with this argument is that count 1 only specified the date of October 3, 2011.  The other dismissed counts stated various dates, with some counts stating "between  September 30, 2011 and October 4, 2011."  The record is unclear as to how often the credit cards were charged by the Westin hotel, but an e-mail attached to the police report from the assistant front office manager of the Westin hotel suggests credit cards were being charged daily.  Because we cannot tell from the record the amount that was charged to any credit card on October 3, 2011, the matter is remanded to the trial court for a determination of this amount.  Appellant bears the initial burden of establishing that this amount was less than $950.  (*Sherow, supra*, 239 Cal.App.4th at p. 880.)

## DISPOSITION

The order is conditionally reversed and the matter is remanded to the trial court for a determination of whether the amounts charged by the Westin hotel on October 3, 2011, to the credit card used by appellant were less than $950.  If so, the order is reversed.  If not, the order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
          ASHMANN-GERST

We concur:


_____, P. J.
      BOREN


_____, J.
      HOFFSTADT

7