Filed 7/7/16  P. v. Thompson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063223 |
| v. | (Super.Ct.No. RIF1408317) |
| JASON CHRISTOPHER THOMPSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Laura G. Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following passage of Proposition 47, defendant Jason Thompson sought resentencing on his second degree burglary conviction pursuant to Penal Code[1] section 1170.18, subdivision (a). The trial court denied relief, finding defendant was ineligible to have his felony reduced to a misdemeanor because he broke into a closed business. Defendant appeals that determination on the ground the court resolved the factual issue of his eligibility without competent evidence. Although we agree that the trial court relied upon improper information outside the record of conviction, that record of conviction fails to establish an essential element of the new crime of shoplifting, pursuant to section 459.5. Therefore, we affirm, but do so without prejudice to allow defendant to refile his petition.

## BACKGROUND

On June 13, 2014, defendant, along with two others,[2] entered a building with the intent to steal. On June 27, 2014, defendant was charged with second degree burglary (§ 459, count 1), and with a violation of probation in another case.

On July 30, 2014, defendant entered into a plea agreement whereby he pled guilty to count one, second degree burglary, in return for a stipulated sentence of two years, of which one year would be served in local custody and the remaining time would be served

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

[2] The named co-participants were Richard Owen Simms and Sean Paul Anthony Frazier. Frazier brought a separate petition for resentencing after Proposition 47, which was also denied. That denial is before us in a separate appeal, *People v. Frazier,* E064238. Simms, the third defendant, does not have an appeal pending in this court.

2

under mandatory supervision, pursuant to section 1170, subdivision (h).[3] By way of factual basis for the plea, defendant's change of plea form indicates, "I agree I did the things that are stated in the charges I am admitting." During the oral proceedings, defendant assented when the court asked, "Sir, is it true that on June 13, 2014 in Riverside County, you entered a building with the intent to steal something?" On August 28, 2014, defendant was sentenced to county jail, in accordance with the plea agreement.

On December 10, 2014, defendant petitioned for resentencing on the ground his felony second degree burglary conviction had been made a misdemeanor pursuant to Proposition 47. The petition alleged defendant's belief that the value of the check or property did not exceed $950. In response, the People asserted defendant was not entitled to the relief requested because he broke into a closed business. The trial court summarily denied the petition on the ground defendant was ineligible because he broke into a closed business. Defendant appealed.

---

[3] Defendant filed a request to augment the record to include the Reporter's Transcript of the change of plea proceedings. The People opposed the request on the ground there is no evidence that this record was before the trial court at the time of the ruling on defendant's petition for resentencing. However, the reporter's transcript of a change of plea is considered part of the normal record on appeal. (Cal. Rules of Ct., rule 8.320(c)(1).) The transcript is also considered part of the record of conviction and, as we will show in our discussion, because the determination of whether a defendant's conviction qualifies for resentencing depends on the nature of the conviction as demonstrated by the record of conviction, it was presumably considered by the trial court even if by implication. (Evid. Code, § 664.) We therefore grant the request.

**DISCUSSION**

Defendant argues that the trial court erred in denying his petition. Specifically, he argues that the trial court erroneously resolved the factual issue of his eligibility without competent evidence or an evidentiary hearing. While we agree that the court improperly relied on an unsworn statement in the People's response, we nevertheless disagree that remand is necessary because the record of conviction does not establish the requisite elements of shoplifting, needed to qualify for resentencing pursuant to section 459.5.

Proposition 47 created a new sentencing provision in section 1170.18. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) In pertinent part, subdivision (a) of section 1170.18 provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a); *People v. Rivera, supra,* at p. 1092.)

Proposition 47 added section 459.5, which reclassifies certain second degree burglaries as shoplifting, a misdemeanor. However, "'to qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered "a commercial establishment with intent to commit larceny while that establishment [was]

4

open during regular business hours," and that "the value of the property that [was] taken or intended to be taken" exceeded $950. (§ 459.5, subd. (a).)'" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448, quoting *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

Section 1170.18, subdivision (b), provides that upon receipt of a petition for resentencing, "the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Section 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, . . .."

The petitioner has the initial burden of establishing eligibility for resentencing under section 1170.18, subdivision (a). (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)[4] However, section 1170.18, subdivision (b), does not indicate how the trial court should make its determination or what matters the court may consider in making the determination. We are thus guided by decisions addressing the related question of eligibility for resentencing under section 1170.126.

As is the case under section 1170.18, section 1170.126 provides that upon receiving a petition for recall of sentence under that section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). (See, *People v. Guilford*

---

[4] The defendant in this case filed his petition before *Sherow* was decided, so he did not have the benefit of that authority.

5

(2014) 228 Cal.App.4th 651, 657.) The trial court has the burden to make the determination whether a defendant meets the prima facie criteria for recall of the sentence. (*Ibid.*) The determination of eligibility must be based on the whole record of conviction, including any prior appellate decision. (*Id*. at p. 660, citing *People v. Woodell* (1998) 17 Cal.4th 448, 454-457 (*Woodell*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327 (*Bradford*).)

In *Bradford*, the reviewing court relied on the holdings of *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), and *Woodell, supra,* 17 Cal.4th 448, addressing the type of materials which may be reviewed and considered to prove a prior conviction allegation. (*Bradford, supra,* 227 Cal.App.4th at pp. 1337-1339.) It concluded that the statutory language and framework of Proposition 36 contemplated a determination of a petitioner's eligibility for resentencing based on the "record of conviction," pursuant to *Guerrero* and *Woodell*. (*Bradford, supra,* 227 Cal.App.4th at p. 1338.)

Under *Guerrero*, a court may look to the entire record of the conviction, "*but no further*," in determining the nature of a prior conviction. (*Guerrero, supra,* 44 Cal.3d at p. 355, italics original.) The record of conviction comprises the statutory definition, the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. (*Shepard v. United States* (2004) 544 U.S. 13, 16 [125 S. Ct. 1254, 161 L.Ed.2d 205].) A police report could not be considered in making this determination, as it is not ordinarily a part of the record of conviction. (*Shepard, supra,* 544 U.S. at p. 16; *Moles v. Gourley* (2003) 112

6

Cal.App.4th 1049, 1060, citing *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1523 [relating to proof of drunk driving conviction for purposes of license suspension proceedings].)

Statements regarding the circumstances of an offense made after the court has accepted defendant's guilty plea are not part of the record of conviction. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1127-1128.) However, the parties may stipulate to evidence or facts on remand. (See *People v. Jackson* (1985) 37 Cal.3d 826, 835 [defendant's admitted that his prior generic burglary conviction was residential, which established that it was a prior serious conviction].)[5] Because the petition in this case was filed before *Sherow* was decided, and because it was filed using a mandatory form that did not include space for allegations or evidence that might establish a prima facie case, defendant was deprived of the opportunity to prove his eligibility for resentencing.

In the present case, the trial court apparently relied upon an unsworn statement in the People's opposition to defendant's petition, in which the prosecutor stated defendant was not entitled to the relief requested because he "[b]roke into a closed business." There is nothing in the record of conviction to indicate the time of day when the second degree burglary occurred: the charging document is silent on that point, there was no preliminary hearing at which such evidence might have been adduced, and defendant's

---

[5] The California Supreme Court recently granted review in *People v. Triplett* (2016) formerly at 244 Cal.App.4th 824, (S233172, rev.gtd. April 27, 2016), which suggested that the court could consider matters to which the parties stipulated in addition to the record of conviction.

admission at the time of his plea did not elucidate the time of the offense. The information on which the court relied was not a part of the record of conviction and was not stipulated by the parties. It was therefore improper for the court to base its determination upon the basis of an unsworn statement, outside the record of conviction.

But that, too, does not end our inquiry, because defendant's eligibility for resentencing depends upon whether the record of conviction establishes all the elements of the newly enacted offense of shoplifting, pursuant to section 459.5. In addition to showing that defendant entered a commercial establishment during regular business hours with the intent to commit larceny, he was also required to show that the value of the property taken or intended to be taken does not exceed $950. (§ 459.5, subd. (a).) Here, the record is silent as to the nature of the building, the time of the offense, or the value of the property taken or intended to be taken. Therefore, the record of conviction does not establish that defendant entered a commercial establishment during regular business hours, and took or intended to take property with a value not exceeding $950. Defendant did not meet the requirements for eligibility for resentencing.

Defendant argues that the trial court's ruling, which resolved the "contested factual issue" without a hearing or evidence, denied him due process. We disagree that he was entitled to an evidentiary hearing on a contested factual issue. However, his inability to establish a prima facie eligibility for resentencing is attributable in part to the shortcomings of the mandatory form, and the fact he did not have the benefit of the decision in *Sherow*. Having argued to limit review to the record of conviction, he cannot

8

now argue for an evidentiary hearing to consider new evidence, not contained in that record of conviction.

Although the trial court improperly considered information outside the record of conviction, its denial of the petition was nonetheless correct. Nevertheless, because defendant filed his petition before *Sherow* was decided, he should have the opportunity to refile his petition.

## DISPOSITION

The judgment is affirmed without prejudice to allow defendant to refile his petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

9